GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

KYLE W. MACH (State Bar No. 282090)
kyle.mach@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

GINGER D. ANDERS (admitted *pro hac vice*)
ginger.anders@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100

*Attorneys for Defendant ChevronTexaco Capital Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Rosemary D'Augusta, Brenda Davis, Pamela Faust, Carolyn Fjord, Donald C. Freeland, Donald Frye, Gabriel Garavanian, Valarie Jolly, Michael Malaney, Lenard Marazzo, Lisa McCarthy, Timothy Nieboer, Deborah Pulfer, Bill Rubinsohn, Sondra Russell, June Stansbury, Clyde Duane Stensrud, Gary Talewsky, Pamela Ward, Christine M Whalen, Mary Katherine Arcell, Jose Brito,<br><br>Plaintiffs,<br><br>vs.<br><br>American Petroleum Institute, Exxon Mobil Corporation, Chevron Texaco Capital Corporation, Phillips 66 Company, Occidental Petroleum Corporation, Devon Energy Corporation, Energy Transfer LP, Hilcorp Energy, and Continental Resources Inc., et al.,<br><br>Defendants. | Case No. 4:22-cv-01979-JSW<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES**<br><br>Judge:       Hon. Jeffrey S. White<br>Crtrm.:      5 – 2nd Floor |

Pursuant to Civil Local Rules 7-11 and 16-2(d), the American Petroleum Institute, ChevronTexaco Capital Corporation, Continental Resources Inc., Devon Energy Corporation, Energy Transfer LP, Exxon Mobil Corporation, Occidental Petroleum Corporation, and Phillips 66 Company ("Defendants"[1]), respectfully request that the Court: (1) continue the Initial Case Management Conference (CMC), currently set for July 8, 2022, and reschedule it, if necessary, for a date after the Court rules on Defendants' forthcoming motion(s) to dismiss, which are due on July 1; and (2) continue all associated deadlines, including the deadlines to file a Joint Rule 26(f) Report and Case Management Statement, and to serve initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Dkt. 3 at 2. Because Defendants' motion(s) will raise substantial questions as to whether Plaintiffs' case may proceed at all, the requested continuance will promote economy and efficiency for both the Court and the parties.

I.  **PROCEDURAL HISTORY**

On March 28, 2022, Plaintiffs filed a complaint against Defendants, asserting claims under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, and Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. Dkt. 1. Plaintiffs allege a conspiracy among Defendants, Saudi Arabia, and Russia to raise oil prices, that was facilitated by former President Trump and the former Secretary of Energy. *Id.* ¶¶ 1, 47. Plaintiffs assert that the conspiracy formed in March 2020, after "a world-wide price war broke out" between Russia and Saudi Arabia, resulting in a sharp fall in oil prices as the two countries increased production. *Id.* ¶¶ 8–13. Plaintiffs assert that "Defendants," to prevent "further erosion and decreases in the price of oil and gasoline," conspired to "take any surplus oil off the market, cut their production, and substantially reduce their investment in exploration and production." *Id.* ¶ 16. The complaint contains no other allegations regarding the formation of Defendants' agreement. Plaintiffs allege that Defendants, to carry out their purported plan, "met with former President Trump on April 3, 2020" and "convinced him . . . to support higher oil prices and to initiate inflation." *Id.* ¶ 47. In Plaintiffs' telling, former

---

[1] Defendant Hilcorp Energy has not yet appeared in this matter, which is an independent reason for continuing the Initial CMC.

President Trump and the Secretary of Energy, through diplomatic negotiations, then coordinated the agreement between Defendants, President Vladimir Putin, and Crown Prince Mohammed bin Salman to cut oil production, increasing oil prices and ending the price war. *Id.* ¶¶ 42, 47–48. Among other relief, Plaintiffs request that the Court "[a]djudge and decree that the alleged . . . combination and conspiracy between and among the Defendants, Saudi Arabia, and Russia" is "illegal." *Id.*, Request for Relief ¶ 92(a). Plaintiffs further assert that certain decades-old mergers (including Chevron with Texaco, Exxon with Mobile, and Phillips 66 with Conoco, in addition to unnamed others) aided the alleged conspiracy, and requests that the relevant Defendants "be split up into individual companies as made necessary to restore competition in the oil industry." *Id.*, Request for Relief ¶ 92(h).

The Court entered an Initial Case Management Scheduling Order (the "CMC Order") on March 29, 2022, which set an Initial CMC for July 1, 2022. Dkt. 3. The CMC was rescheduled by clerk notice to July 8, 2022. Dkt. 77. Under the Federal Rules of Civil Procedure, the parties are currently required to meet and confer by June 17, 2022, and to serve Rule 26(a)(1) disclosures by July 1, 2022.

On April 21, 2022, the parties stipulated to extend the deadline for Defendants to respond to the Complaint to July 1, 2022. Dkt. 47. Defendants intend to move to dismiss by that date. *See* Declaration of Kyle W. Mach in Support of Defendants' Administrative Motion ("Mach Decl.") ¶ 2. On April 25, 2022, counsel for Plaintiffs sent a discovery letter to Defendants, noting their intent to "issue a subpoena for Mr. [Jared] Kushner's deposition as soon as practicable" because of Mr. Kushner's alleged involvement in former President Trump's negotiations with OPEC. Mach Decl. Ex. A at 1–2. Plaintiffs sent a second letter on May 20, 2022, in which Plaintiffs state that they also plan to depose the former Secretary of Energy and former Secretary of Interior, in addition to Jared Kushner, and request initial discovery from Defendants. *Id.* Ex. B at 1–2.

Counsel for Chevron has conferred with counsel for Plaintiffs regarding this administrative request, and Plaintiffs oppose. Mach Decl. ¶ 5.

## II. ARGUMENT

This Court has inherent power to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts have discretion to stay discovery pending the resolution of dispositive motions and motions to dismiss. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); Fed. R. Civ. P. 26(c). Defendants respectfully submit that adhering to the current case management and discovery deadlines risks wasting the parties' and the Court's resources.

On July 1, 2022, Defendants will move to dismiss the Complaint in its entirety, raising several independent arguments, which will be consolidated, where appropriate. As Defendants will establish, Plaintiffs' allegations are implausible. But even if those allegations were credited, however, Plaintiffs' claims are beyond the jurisdiction of any federal court. Plaintiffs' allegations of a price-fixing conspiracy involving the United States and foreign sovereigns present nonjusticiable political questions regarding the United States' foreign policy with respect to oil producing states—as the Fifth and Ninth Circuits have held in materially similar cases. *Spectrum Stores Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 955–56 (5th Cir. 2011); *Int'l Ass'n of Machinists & Aerospace Workers, (IAM) v. OPEC*, 649 F.2d 1354, 1358–61 (9th Cir. 1981). This suit is also barred by the act of state doctrine because adjudicating Plaintiffs' claims would require the court to determine "the validity of the public acts of a foreign sovereign"—here, Saudi Arabia and Russia, which Plaintiffs allege are participants in an illegal conspiracy. *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 711 (2021); *IAM*, 649 F.2d at 1358–61.

In addition, Plaintiffs' suit is barred by the *Noerr-Pennington* doctrine, which forecloses antitrust liability for "concerted efforts to restrain or monopolize trade by petitioning government officials," as such activity is protected by the First Amendment. *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499 (1988). Plaintiffs' claims rest on their theory that Defendants petitioned the United States government for assistance as oil prices fell in spring 2020—and were successful in convincing former President Trump to broker a deal to end the

Saudi-Russia price war.  *See* Compl. ¶ 40.  Even accepting these allegations as true, they do not state a claim for a violation of the antitrust statutes.[2]

Finally, even if Plaintiffs' Complaint were not beyond the Court's jurisdiction, or otherwise barred by each of the act of state and *Noerr-Pennington* doctrines, Plaintiff has not plausibly alleged an illegal agreement sufficient to survive *Twombly*.

Absent a continuance, the current schedule and discovery deadlines will force the parties and the Court to expend resources on discovery and case management issues while these substantial threshold questions remain unsettled.  *See Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (noting that "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it"); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).  Moreover, the discovery that Plaintiffs apparently intend to seek will involve foreign nations and former high-ranking White House officials, including President Trump, Mr. Jared Kushner, and two cabinet secretaries.  Defendants respectfully submit that it would be a waste of resources to engage in such discovery until the issues raised by Defendants' forthcoming motion are resolved.  This Court has granted similar requests to vacate the Initial CMC where a motion to dismiss remained pending.[3]  *See also* Order at 2, *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315-JSW (N.D. Cal. Oct. 22, 2019), Dkt. 56 (issuing an order staying discovery where pending motion was "potentially dispositive of the entire case" and could be resolved absent additional discovery).

A continuance will not prejudice Plaintiffs.  This case is at the pleadings stage, and the parties have already stipulated to an appropriate deadline for Defendants to respond to Plaintiffs' Complaint.  A short continuance will conserve costs and prevent duplicative work for Plaintiffs as well as Defendants, as the Court's resolution of Defendants' forthcoming motion(s) to dismiss

---

[2] *Noerr-Pennington* immunity is frequently decided on a motion to dismiss, without subjecting the parties to unnecessary discovery.  *See, e.g.*, *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1186 (9th Cir. 2005) (affirming dismissal with prejudice under *Noerr-Pennington*); *Empress LLC v. City & Cnty. of San Francisco*, 419 F.3d 1052, 1057 (9th Cir. 2005) (same); *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 n.4, 1096 (9th Cir. 2000) (same).

[3] *See, e.g.*, Order, *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 4:17-cv-06932-JSW (N.D. Cal. Feb. 28, 2018), Dkt. 39; Order, *Brown v. 140 NM LLC*, No. 4:17-cv-05782-JSW (N.D. Cal. May 14, 2018), Dkt. 174; Order, *Lee v. Freedom Mortg. Corp.*, No. 4:20-cv-01970-JSW (N.D. Cal. June 15, 2020), Dkt. 44.

may obviate the need for any Initial CMC at all and could at least materially affect the issues to be discussed. Indeed, Plaintiffs' recent discovery correspondence underscores the importance of resolving these threshold questions *before* adopting a discovery plan. In their letters, Plaintiffs note their intent to depose Jared Kushner, Daniel Brouillette, the former Secretary of Energy, and David Bernhardt, the former Secretary of the Interior as part of their preliminary discovery plan. *See* Mach Decl. Exs. A, B. Postponing such discovery until after the motion(s) to dismiss are resolved will prevent potentially needless collateral litigation over whether Plaintiffs' request for such discovery is proper—litigation which will raise many of the same issues that Defendants will raise in their motion(s).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order continuing the Initial Case Management Conference and all deadlines related thereto until the Court has ruled on the Defendants' forthcoming motion(s) to dismiss, due July 1, 2022.

| | | |
|---|---|---|
| 1 | DATED: May 25, 2022 | Respectfully submitted, |
| 2 | | MUNGER, TOLLES & OLSON LLP |

DATED: May 25, 2022

MUNGER, TOLLES & OLSON LLP

By: /s/ Kyle W. Mach
KYLE W. MACH
Attorney for Defendant ChevronTexaco Capital Corp.

DATED: May 25, 2022

COVINGTON & BURLING LLP

By: /s/ Emily Johnson Henn
EMILY JOHNSON HENN
Attorney for Defendant American Petroleum Institute

DATED: May 25, 2022

O'MELVENY & MYERS LLP

By: /s/ Stephen McIntyre
STEPHEN MCINTYRE
Attorney for Defendant Exxon Mobil Corporation

DATED: May 25, 2022

NORTON ROSE FULBRIGHT US LLP

By: /s/ Joshua D. Lichtman
JOSHUA D. LICHTMAN
Attorney for Defendant Phillips 66 Company

DATED: May 25, 2022

SULLIVAN & CROMWELL LLP

By: /s/ Robert A. Sacks
ROBERT A. SACKS
Attorney for Defendant Occidental Petroleum Corporation

| | | |
|---|---|---|
| 1 | DATED: May 25, 2022 | MCGUIREWOODS LLP |
| 2 | | |
| 3 | | By: */s/ J. Brent Justus* |
| 4 | | J. BRENT JUSTUS |
| 5 | | Attorney for Defendant Devon Energy |
| 6 | DATED: May 25, 2022 | BAKER BOTTS LLP |
| 7 | | |
| 8 | | By: */s/ Joseph Ostoyich* |
| 9 | | JOSEPH OSTOYICH |
| 10 | | Attorney for Defendant Energy Transfer LP |
| 11 | | |
| 12 | DATED: May 25, 2022 | PROSKAUER ROSE LLP |
| 13 | | |
| 14 | | By: */s/ Christopher E. Ondeck* |
| 15 | | CHRISTOPHER E. ONDECK |
| 16 | | Attorney for Defendant Continental Resources, Inc. |

-7- Case No. 4:22-cv-01979
DEFS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES

**ELECTRONIC FILER'S ATTESTATION**

Pursuant to Northern District Local Rule 5-1(i)(3), I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: May 25, 2022                                        MUNGER, TOLLES & OLSON LLP


By: */s/ Kyle W. Mach*
KYLE W. MACH
Attorney for Defendant ChevronTexaco Capital Corp.