1  Joseph M. Alioto (SBN 42680)
2  Tatiana V. Wallace (SBN 233939)
   ALIOTO LAW FIRM
3  One Sansome Street, 35th Floor
   San Francisco, CA  94104
4  Telephone: (415) 434-8900
   Email:  jmalioto@aliotolaw.com
5

6  [Additional Counsel Listed on Last Page]

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  Rosemary D'Augusta, Brenda Davis, Pamela        Case No: 4:22-cv-01979-JSW
    Faust, Carolyn Fjord, Donald C. Freeland,
12  Donald Frye, Gabriel Garavanian, Valarie        **PLAINTIFFS' OPPOSITION TO**
    Jolly, Michael Malaney, Lenard Marazzo,         **DEFENDANTS' ADMINISTRATIVE**
13  Lisa McCarthy, Timothy Nieboer, Deborah         **MOTION TO CONTINUE INITIAL CASE**
    Pulfer, Bill Rubinsohn, Sondra Russell, June    **MANAGEMENT CONFERENCE AND**
14  Stansbury, Clyde Duane Stensrud, Gary           **ASSOCIATED DEADLINES**
    Talewsky, Pamela Ward, Christine M
15  Whalen,  Mary Katherine Arcell,  Jose Brito,
    Jan-Marie Brown, and Jocelyn Gardner,          Judge:        Hon. Jeffrey S. White
16                                                  Courtroom:    5 – 2nd Floor
17              Plaintiffs,

18          vs.

19  American Petroleum Institute, Exxon Mobil
    Corporation, Chevron Texaco Capital
20  Corporation,  Phillips 66 Company,
    Occidental Petroleum Corporation, Devon
21  Energy Corporation, Energy Transfer LP,
    Hilcorp Energy, and Continental Resources
22  Inc., et al.
23              Defendants.
24
25
26
27
28

                                    1
*Plaintiffs' Opposition to Defendants' Administrative Motion to Continue Initial CMC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs respectfully submit that the Defendants' Administrative Motion to Continue the Initial Case Management Conference ("CMC") and thereby delay the requirements of Rule 26 is a smoke screen in an effort to poison this Court, is without any merit and should be denied.

The *Act of State Doctrine* is not applicable. *See W.S. Kirkpatrick & Co. v. Environmental Techtronics Corp. Intl*., 493 U.S. 400 (1990).  The Plaintiffs did not sue Russia or Saudi Arabia; they did not ask this Court to determine the legality of a sovereign state or nation's official acts under that sovereign's own laws.

The *Noor Pennington* doctrine is not applicable.  The Defendants did not seek governmental intervention to enact a law, enforce a law or not to enforce a law.  Instead, the American Defendants specifically did not seek any governmental mandate or any tariffs imposed against Saudi Arabia or Russia.  They simply sought the help of the President for their own specific private commercial businesses.  *Allied Tube & Conduit Corp. v. Indianhead Inc.*, 486 U.S. 492, at 499-500 (1988).

The conduct of the Defendants in agreeing to limit their production when there is a significant oversupply of oil is not new.  The Defendants did so over a 100 years ago in the Arcanely meetings in Scotland, when there was hot oil being produced out of East Texas in the 1930s, the oil companies again sought to eliminate supply and production,  The *Socony* Defendants were indicted and convicted for violations of the Sherman Antitrust Act. *See Socony Vacuum*, *supra*, 310 U.S. 150 (1940).  As the Supreme Court noted at that time, "For as we have seen price-fixing combinations which lack congressional sanction are illegal *per se*…." *Id.* at 226-227.

In the *Socony* case, like this one, the American oil companies sought the approval of executives of the federal government to cut oil production, but that did not immunize them from being held accountable to their price-fixing.  The Supreme Court said,

> "As to knowledge or acquiescence of officers of the Federal Government little need be said. . . . Though employees of the government may have known of those programs and winked at them or tacitly approved them, no immunity would have been obtained. For Congress had specified the precise manner and method of securing immunity. None other would suffice. . . . For as we have seen price-fixing combinations which lack Congressional sanction are illegal per se. . . ." *United States v. Socony-Vacuum Oil, Co. Inc*., et al., 310 U.S. 150, 226-227 (1940).

Plaintiffs respectfully submit that the Defendants Motion is a coy effort to circumvent the requirements of Rule 26.  The Defendants even announce that they will use a now popular tactic among Defendants in antitrust cases to seek a stay of discovery pending the Court's determinations of some future Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure.  There is no Federal Rule of Civil Procedure that permits a stay pending any decision by this Court with regard to a Rule 12 Motion to Dismiss.  To the contrary, there are many cases which specifically repudiate any such notion.[1]

Indeed, in the Ninth Circuit decision of *Mach-tronics, Inc. v. Zirpoli*, 316 F.2d 820 (9th Cir. 1963), the lower Court had stayed prosecution of the antitrust case pending resolution in the state court of the Defendants' claim that Plaintiffs in that case stole trade secrets.  The

---

[1] *See, e.g., Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 U.S. Dist. LEXIS 44056, at *1 (N.D. Cal. Mar. 13, 2020) (denying, for lack of good cause, request to stay discovery while motion to dismiss was pending and granting motion to set case management conference); *Novel Poster v. Javitch Canfield Grp*., No. 13-CV-05186-WHO, 2014 U.S. Dist. LEXIS 196981, at *1 (N.D. Cal. May 23, 2014) (finding no good cause for staying discovery pending resolution of a motion to dismiss).  Moreover, courts do not look favorably upon stays of discovery in these circumstances. *See Hall v. Tilton*, No. 07-cv-3233-RMW, 2010 U.S. Dist. LEXIS 11162, at *2 (N.D. Cal. Feb. 9, 2010) (denying stay despite pending motion to dismiss); see In re Valence Tech. Secs. Litig., No. 94-cv-1542-SC, 1994 U.S. Dist. LEXIS 21948, at *2 (N.D. Cal. Nov. 18, 1994) (same);  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

Court ruled that once the court had jurisdiction over the antitrust case, it should proceed.  In addition, the Ninth Circuit cited the Supreme Court decision in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), in which Defendant sought a Declaratory Judgment against Plaintiffs' antitrust claims.  The Supreme Court ruled that plaintiffs had a right to trial by jury and that the antitrust case should not be stayed with regard to declaratory judgment because findings might be made in the ancillary proceeding that might be collateral estoppel or res judicata, which would be a violation of the antitrust plaintiffs' right to trial by jury on all issues regarding the antitrust claims.  The Court in *Mach-tronics* also noted that the antitrust case was initially stayed because of the District Court's "hunch" or "feeling" that the antitrust case may have been brought for tactical purposes only.  The Ninth Circuit rejected such a procedure, stating, "It is our position that judicial action should not be based on "feelings" before trial, but rather that judicial action may properly be taken only after evidence, hearings, and findings*." Mach-tronics*, *supra*, 316 F.2d. at 834-835.

Here, Plaintiffs respectfully submit that the Court should deny the Defendants' Motion to Continue the Initial Case Management Conference ("CMC"), and that the case should proceed pursuant to Rule 26 and the other rules with regard to discovery.

Plaintiffs have already given to the Defendants their very limited and specific plan of discovery.  This limited plan should be allowed to run its due course without dilatory motions designed for the sole purpose of delaying justice and contrary to the spirit and letter of Rule 1 of the Federal Rules of Civil Procedure which requires "the just, speedy, and inexpensive determination of every action and proceeding."

After having given the discovery plan to the Defendants Plaintiffs discovered a statement made by Mr. Jared Kushner, who boldly bragged on his website of his most significant accomplishment of  "leading the negotiations on the historic OPEC+ oil agreement

in April 2020 among the United States, Saudi Arabia and Russia, which led to the largest oil production reductions in history…" See Dkt. No. 78-2.

Defendants will suffer no harm if compelled to participate in the limited discovery that Plaintiffs seek in this case.  Plaintiffs propose a simple and direct discovery plan. Dkt. Nos. 78-2 and 78-3.  If granted, the Motion will have the chilling effect of stalling this case, delaying justice and preventing Plaintiffs from moving forward to collect evidence and preparing for trial.

A timely CMC will benefit all the parties and the Court.  It is now clear that the parties disagree on whether discovery should proceed but there can be no justification for putting off the work required by Rule 26(f) of meeting and conferring regarding differences, and identifying issues that the Court will need to resolve.  That Rule was instigated specifically to help the courts streamline discovery.  To seek to neutralize that Rule now would be contrary to the spirit and reasoning that motivated its adoption and implementation.

Accordingly, Defendants' Motion should be denied.


Dated:  May 31, 2022                    ALIOTO LAW FIRM

                            By:  /s/ *Joseph M. Alioto*
                                 Joseph M. Alioto (SBN 42680)
                                 Tatiana V. Wallace (SBN 233939)
                                 One Sansome Street, Suite 3500
                                 San Francisco, CA  94104
                                 Telephone: (415) 434-8900
                                 Attorneys for Plaintiffs

*Plaintiffs' Opposition to Defendants' Administrative Motion to Continue Initial CMC*

1

ADDITIONAL PLAINTIFFS COUNSEL:

2

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE

3

1308 Main Street, Suite 117

4

St. Helena, CA 94574
Telephone: (707) 963-1704

5

Email: lgpapale@papalelaw.com

6

Robert J. Bonsignore (SBN

7

BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street

8

Medford, MA 02155
Phone: 781-856-7650

9

Email: rbonsignore@classactions.us

10

Theresa Moore (SBN 99978)

11

LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor

12

San Francisco, CA 94104
Phone: (415) 613-1414

13

tmoore@aliotolaw.com

14

Christopher A Nedeau (SBN 81297)

15

NEDEAU LAW PC
154 Baker Street

16

San Francisco, CA 94117-2111
Telephone: (415) 516-4010

17

Email: cnedeau@nedeaulaw.net

18

Josephine Alioto (SNB 282989)

19

THE VEEN FIRM
20 Haight Street

20

San Francisco CA 94102
Telephone: (415) 673-4800

21

Email: jalioto@veenfirm.com

22

23

24

25

26

27

28

*Plaintiffs' Opposition to Defendants' Administrative Motion to Continue Initial CMC*