UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY D'AUGUSTA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN PETROLEUM INSTITUTE, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01979-JSW<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**<br><br>Re: Dkt. No. 130 |

　　　　Now before the Court for consideration is the motion to extend time to file a notice of appeal filed by Plaintiffs. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and, for the reasons stated herein, the Court GRANTS Plaintiffs' motion.

　　　　On January 9, 2023, this Court issued an order granting Defendants' motions to dismiss without leave to amend and denying Plaintiffs' motions for leave to file a motion for reconsideration and for leave to file a supplemental complaint. (Dkt. No. 115.) The Court also entered judgment on that date. (Dkt. No. 116.) In response, Plaintiffs filed a motion to set aside the judgment, contending that due process required the Court to hear oral argument prior to ruling on Defendants' dispositive motions. (Dkt. No. 117.) The Court denied the motion to set aside the judgment in an order dated March 16, 2023. (Dkt. No. 122.)

1   Plaintiffs did not file a notice of appeal, as required, within 30 days.  Instead, 48 days later, on May 3, 2023, Plaintiffs moved for leave to file a motion for reconsideration of the Court's denial of the motion to set aside the judgment. (Dkt. No. 123.)  Also on May 3, 2023, Plaintiffs filed a motion to extend time to file a notice of appeal. (Dkt. Nos. 124, 127, 130.)  On May 10, 2023, this Court issued an order denying Plaintiffs' motion for leave to file a motion for reconsideration of the motion to set aside the judgment.  Remaining before the Court is the motion to extend time to file a notice of appeal.

Federal Rule of Appellate Procedure 4 ("Rule 4") requires a party to file a notice of appeal of a judgment "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  The district court "may extend the time to file a notice of appeal if: … Rule 4(a) expires [and the party seeking the extension] shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).  Although Plaintiffs failed to carry their burden in their moving papers to demonstrate either excusable neglect or good cause, the Court finds the barest minimum of that showing in the declaration of Joseph M. Alioto filed in conjunction with Plaintiffs' reply brief. (Dkt. No. 134-1 at ¶ 4.)  Mr. Alioto claims that the "delay in filing the Notice of Appeal in this case was due to an honest mistake of confusion with another matter." *Id.*  Rule 4 provides for leniency, and it is within the Court's discretion whether or not to grant leave to file a late notice of appeal. *See, e.g., Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Accordingly, in its discretion, the Court GRANTS Plaintiffs' motion to extend time – until June 16, 2023 – to file their notice of appeal.

**IT IS SO ORDERED.**

Dated:   June 7, 2023

_____
JEFFREY S. WHITE
United States District Judge